UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE GUADALUPE JAIMES,

        Petitioner,

v.

MAT KING, *St. Clair Sheriff*,
KEVIN RAYCRAFT, *Director of*
*U.S. Immigration and Customs*
*Enforcement, Detroit Field*
*Office*, MARKWAYNE
MULLIN, *Secretary of U.S.*
*Department of Homeland*
*Security*, TODD LYONS, *Acting*
*Director of U.S. Immigration and*
*Customs Enforcement*, TODD
BLANCHE, *U.S. Attorney*
*General*, and U.S.
DEPARTMENT OF
HOMELAND SECURITY,

        Respondents.

_____/

Case No.: 2:26-cv-11327
Hon. Gershwin A. Drain

## **<u>ORDER REQUIRING THE PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING IN RESPONSE TO THE DEFICIENCIES IDENTIFIED IN THIS ORDER</u>**

Petitioner Jose Guadalupe Jaimes is a native of Mexico who entered the United States in 2001 without inspection and was arrested by Immigration and Customs Enforcement ("ICE") on March 5, 2025. Petitioner is detained pending the outcome of his removal proceedings. Presently before the Court is Petitioner's

1

Petition for Habeas Corpus under 28 U.S.C. § 2241. Petitioner argues that his continued detention violates the due process clause of the Fifth Amendment and that the Immigration and Nationality Act ("INA") does not permit indefinite or unreasonably prolonged detention without due process. The Government responded in opposition, arguing that the case is moot.

Both parties' arguments are deficient and the Court is unable to resolve the Petition on the current pleadings. Accordingly, **IT IS ORDERED** that the parties submit supplemental briefing as explained in more detail herein.

## I.    BACKGROUND

Petitioner Jose Guadalupe Jaimes is a native and citizen of Mexico who entered the United States in 2001 without inspection or parole. ECF No. 1, PageID.2. Since then, he has lived in Trenton, Michigan, owns his own painting business, and has children who are U.S. citizens. *Id.* at PageID.3–4; ECF No. 5, PageID.17.

On March 5, 2025, Petitioner was arrested by ICE without a warrant and detained in St. Clair County Jail. ECF No. 1, PageID.4. Petitioner asserts that at a bond hearing on March 25, 2025, an immigration judge denied him bond because he had applied for a gun permit on January 22, 2025. *Id.* He appealed the decision but claims that his appeal was "withdrawn for reasons unknown" to him. *Id.* Petitioner argues that his due process rights under the Fifth Amendment are violated by his "prolonged" detention without an "adequate" bond hearing. *Id.* at PageID.5. He also

2

claims that the INA must be construed "to avoid serious constitutional problems," and therefore his continued detention violates the INA's statutory scheme. *Id.* at PageID.6.

Petitioner's claims are unique from the many claims that have inundated the federal courts since the Department of Homeland Security's ("DHS") policy change in July 2025. In July 2025, DHS issued an internal memorandum entitled "Interim Guidance Regarding Detention Authority for Applications for Admission." *See Blanco Cabrera v. Raycraft*, No. 4:26-CV-00085-DAR, 2026 WL 904606, at *1 (N.D. Ohio Apr. 2, 2026). The Interim Guidance provides that noncitizens who are already residing in the United States are subject to mandatory detention (without a possibility for bond) under 8 U.S.C. § 1225(b)(2) pending the completion of their removal proceedings. *See Moreno-Espinoza v. Ladwig*, No. 2:25-cv-03093-TLP-tmp, 2025 WL 3691452, at *1 (W.D. Tenn. Dec. 19, 2025). This change revised DHS's "decades-long interpretation" that most noncitizens already residing in the United States were subject to 8 U.S.C. § 1226(a), which entitled them to a bond hearing (and therefore, possible release on bond) pending the completion of their removal proceedings. *See Kaur v. Raycraft*, No. 4:25-CV-02679, 2026 WL 709728, at *2 (N.D. Ohio Mar. 13, 2026). The Board of Immigration Appeals ("BIA") issued a decision on September 5, 2025 which agreed with DHS's new interpretations of §

3

1225(b)(2) and § 1226(a), thereby binding the lower immigration courts. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA Sept. 5, 2025).

Consequently, the federal courts have been subject to "a deluge of habeas actions" from detainees in ICE custody who were denied an opportunity for bond under § 1225(b)(2), arguing that their detention should be governed by § 1226(a), and therefore their detention without an opportunity for bond violates the INA and the Constitution. *Garcia Ortiz v. Henkey*, No. 1:26-cv-00043-BLW, 2026 WL 948275, at *1 (D. Idaho Apr. 7, 2026). After much litigation in the lower courts, on May 11, 2026, the Sixth Circuit weighed in on this dispute in *Lopez-Campos v. Raycraft*, --- F.4th ---, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891 (6th Cir. May 11, 2026). The Sixth Circuit ruled that noncitizens who are already present in the United States are subject to § 1226(a), *not* § 1225(b)(2), and are thus entitled to a bond hearing. *Id.* at *11. The Sixth Circuit also held that the petitioners' due process rights were violated when they were held without bond hearings under § 1225(b)(2). *Id.* at *13.

However, the dispute regarding § 1225(b)(2) and § 1226(a) is irrelevant to Petitioner's circumstances. As explained, Petitioner was arrested on *March 5, 2025*—before DHS's policy change. As Petitioner seems to plainly admit, he *already received* a bond hearing on March 25, 2025. Petitioner remains incarcerated not because he has been detained under § 1225(b)(2), but because an immigration

4

judge ruled that he should remain detained pending the outcome of his removal proceedings.

Nevertheless, Respondents' response to the habeas petition overlooks this nuance. Respondents' sole and cursory argument asserts that Petitioner's habeas claims are moot because of the Sixth Circuit's *Lopez-Campos* decision. ECF No. 4, PageID.15. Respondents assert that now, after *Lopez-Campos*, Petitioner may simply request a hearing from the immigration court and he will promptly receive one. *Id.* Therefore, they ask the Court to dismiss the petition. *Id.* In reply, Petitioner argues that his claims are not moot because "the legal entitlement recognized in *Lopez Campos*… has not been translated into any concrete relief for Jaimes." ECF No. 5, PageID.18.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241, a district court has the "authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004). "Section 2241 confers jurisdiction to hear habeas corpus challenges to the legality of a noncitizen's detention." *Lopez v. Olson*, --- F. Supp. 3d ---, No. 3:25-cv-654-DJH, 2025 WL 3217036, at *2 (W.D. Ky. Nov. 18, 2025). "Although the Court 'may not review discretionary decisions made by immigration authorities, it may review immigration-related detentions to determine if they comport with the

demands of the Constitution.'" *Id.* (quoting *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 901 (D. Minn. 2020)).

### III.   DISCUSSION

**A. Mootness**

Article III of the United States Constitution provides that federal courts may only decide "Cases" and "Controversies." *See* U.S. Const. art. III, § 2, cl. 1; *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). The "cases" and "controversies" requirement for federal jurisdiction means that "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "There is… no case or controversy, and a suit becomes moot, 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Already, LLC*, 568 U.S. at 91). Notably, however, a case becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (quoting *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (internal quotation marks omitted). "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Ellis v. Bhd. of Ry., Airline and S.S. Clerks, Freight Handlers, Exp. and Station Emps.*, 466 U.S. 435, 442 (1984).

Respondents argue that Petitioner's claims have been mooted by the *Lopez-Campos* decision. As noted, however, *Lopez-Campos* does not govern Petitioner's claims. *Lopez-Campos* involved petitioners who were detained without bond under 8 U.S.C. § 1225(b)(2) and, accordingly, never received a bond hearing. *Lopez-Campos*, 2026 WL 1283891, at *1. The court ruled that the petitioners were, instead, subject to 8 U.S.C. § 1226(a) and entitled to a bond hearing. *Id.* at *11. The court also ruled that the petitioners' detentions without an opportunity for bond violated their due process rights. *Id.* at *13. The circumstances present in *Lopez-Campos* are not present here: Petitioner was not detained under § 1225(b)(2) and he *did* receive a bond hearing. *Lopez-Campos* cannot moot the petition.

Regardless, even if *Lopez-Campos* governed this case, "Respondents do not cite any authority for their argument that an intervening decision by a higher court moots this proceeding, rather than simply representing controlling law now governing the outcome." *Dominguez Cruz v. Raycraft*, No. 26-11424, 2026 WL 1432396, at *2 (E.D. Mich. May 21, 2026). Petitioner has requested a bond hearing based on due process concerns and has not received one. In the alternative, he also requested to be immediately released, yet he remains incarcerated. In other words, Petitioner still has a concrete interest in the outcome of this litigation. Unless Petitioner receives his bond hearing or is released, "this case is not moot." *Id.*; *see also Gutierrez-Lopez v. Raycraft*, No. 26-11143, 2026 WL 1412995, at *1 (E.D.

Mich. May 20, 2026) (finding that *Lopez-Campos* does not moot the petitioner's habeas petition).

Therefore, Respondents' mootness argument is meritless.

**B. Merits**

"A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law[.]" *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). "Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face." *Id.* (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)).[1] "A petition is legally insufficient if the allegations are so 'vague (or) conclusory' that they do not 'point to a real possibility of constitutional error.'" *Martin v. Hunt*, 626 F. Supp. 3d 987, 988 (E.D. Mich. 2022) (quoting *Blackledge v. Allison*, 431 U.S. 63, 76 (1977)); *see also Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) ("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief."). In this case, Petitioner's claims are so vague and conclusory as to be legally insufficient. The petition fails to cite any relevant or controlling case

---

[1] Although the *McFarland* decision is based on Rule 4 of the Rules Governing § 2254 cases, courts are permitted to apply the Rules Governing § 2254 cases to habeas petitions brought under § 2241, as is the case here. *See* Rules Governing § 2254 Cases, Rule 1(b).

law that supports Petitioner's legal positions and fails to describe facts that constitute a denial of a constitutional or statutory right.

Regarding Count I, Petitioner claims that his continued civil detention without a custody hearing before a neutral decisionmaker violates the due process clause, "which prohibits prolonged deprivation of liberty absent adequate procedural safeguards." ECF No. 1, PageID.5. Importantly, however, Petitioner has utterly failed to explain what procedural safeguards his proceedings were lacking. According to Petitioner, he received a bond hearing on March 25, 2025, and the immigration judge determined that he was to remain incarcerated. *Id.* at PageID.4. Plaintiff has not specifically identified any procedural safeguards that were absent from that bond hearing.

Notably, Plaintiff claims that the due process clause requires the Government to "bear the burden to justify ongoing detention by clear and convincing evidence of danger or flight risk; that the decisionmaker consider nonpunitive alternatives and Petitioner's ability to pay; and that the detention be narrowly tailored to serve a compelling governmental interest rather than to operate as punishment." ECF No. 1, PageID.5. However, this conclusion is entirely conclusory. Plaintiff cites no case law and formulates no argument to support this claim. Some courts have concluded that the Government bears the burden to prove by clear and convincing evidence that a noncitizen is a danger to the community or a risk of flight. *See Soto-Medina v.*

9

*Lynch*, 817 F. Supp. 3d 612, 627 (W.D. Mich. 2026). But this is far from settled law, particularly in this Circuit, where the issue has not been decided. *See J.Z.S. v. Fields*, No. 26-80-DLB, 2026 WL 1031320, at \*12 (E.D. Ky. Apr. 16, 2026) (noting that the Ninth and Fourth Circuits have found that placing the burden of proof on the petitioner is not a violation of due process, and noting that the Sixth Circuit has not addressed this issue). Regardless, Plaintiff has not even explained which standard and burden of proof were applied at his own hearing or why it violated his due process rights.

Scouring the rest of the Petition for possible due process arguments fares no better. In the background section of the Petition, Petitioner states that the immigration judge denied him bond "because he applied for a gun permit [on] January 22, 2025," but Petitioner "did not own a gun at the time of his arrest." *Id.* Petitioner has not indicated how these facts fold into his due process argument, if at all. To the extent Petitioner questions the immigration judge's decision that his gun permit application is grounds to keep him detained, the Court has no jurisdiction to second-guess it. "[T]he Attorney General's exercise of his or her discretion in making a bond determination regarding aliens detained pursuant to § 1226(a) is not reviewable by this Court." *Naresh v. Klinger*, No. 2:19-cv-12800, 2019 WL 5455469, at \*2 (E.D. Mich. Oct. 24, 2019); *see* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not

be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").

Additionally, in the background section, Petitioner claims that his appeal of the immigration judge's decision was withdrawn for reasons unknown to him. ECF No. 1, PageID.4. Plaintiff does not connect this fact with his due process argument. In any event, without any additional information about the circumstances surrounding the appeal, the Court has no way to know whether the withdrawal of the appeal amounted to a due process violation. Petitioner also stated in the background section that he was arrested without a warrant, in violation of the consent judgment in *Castañon Nava v. Dep't of Homeland Security*, 806 F. Supp. 3d 823, 838 (N.D. Ill. 2025). Again, Plaintiff has not connected this fact with his due process argument or explained why this defect would require that he obtain another bond hearing or immediate release.

On a fundamental level, it is well established that "detention during deportation proceedings [i]s a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). The Supreme Court has even approved of mandatory detention *without* an opportunity for bond during removal proceedings under certain circumstances. *See id.* at 530. Here, Petitioner *did* receive an opportunity for bond. Unless there was something constitutionally unsound in the

11

procedural protections Petitioner received at his bond hearing or related to the denial of bond, any possible success on a due process claim appears dubious at this juncture, particularly given the abject lack of facts and argument in the Petition. There is no basis upon which the Court can grant the Petition on Count I. *See, e.g.*, *Moussa v. Jenifer*, 389 F.3d 550, 555 (6th Cir. 2004) (rejecting the petitioner's due process arguments where he did not provide any statutory or other legal basis for concluding that he had a due process right that was violated).

Count II is even more conclusory and speculative than Count I. Petitioner argues that the INA must be construed to avoid serious constitutional problems and does not permit unreasonably prolonged detention without a meaningful hearing and consideration of less-restrictive alternatives. "It is of course true that federal statutes are to be construed so as to avoid serious doubts as to their constitutionality, and that when faced with such doubts the Court will first determine whether it is fairly possible to interpret the statute in a manner that renders it constitutionally valid." *Wilson v. NLRB*, 920 F.2d 1282, 1289 (6th Cir. 1990) (quoting *Commc'ns Workers of Am. v. Beck*, 487 U.S. 735, 762 (1988)). However, "[n]o matter how severe the constitutional doubt, courts may choose only between reasonably available interpretations of a text." *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 471 (2001).

12

In this case, Petitioner's statutory argument is utterly bare bones. Petitioner has not even identified provisions of the INA that he believes are interpreted in a manner that is constitutionally unsound. *See Moussa*, 389 F.3d at 554 (denying § 2241 petition in part because the petitioner identified "no specific provisions of the INA, or any other applicable statutes," in his argument that his detention was unlawful). The Court has no way to determine whether alternate interpretations are reasonably available or fairly possible in order to apply the canon of statutory construction that Petitioner suggests. Accordingly, there is no basis upon which the Court can grant the Petition on Count II.

**C. Next Steps**

A district court is empowered to summarily dismiss a habeas petition sua sponte if it is clear from the face of the petition that it is legally insufficient. *See Martin*, 626 F. Supp. 3d at 988. However, this power is generally only utilized *before* the Court orders the respondents to respond. *See Switek v. Michigan*, 587 F. Supp. 3d 622, 624 (E.D. Mich. 2021) (describing the summary dismissal procedure as occurring before respondents are ordered to respond). In this case, the parties submitted a stipulation requiring Respondents to respond, which the Court entered at their request. *See* ECF No. 3. In other words, the time for summary dismissal has passed.

However, the Court is not precluded from considering these issues sua sponte, so long as the parties are accorded notice and an opportunity to respond. In *Day v. McDonough*, the Supreme Court discussed whether a court could consider, sua sponte, a statute of limitations issue that was not raised by respondents in their answer to the petition. *See* 547 U.S. 198, 205 (2006). The Court held that a district court could do so. *Id.* at 209–10. In other words, the filing of a response does not foreclose a district court from considering issues sua sponte which were not raised by the respondents. However, the Supreme Court specified that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id.* at 210.

In line with this reasoning, the Court enters this order for the purpose of giving the parties notice of the deficiencies in their arguments. The parties are hereby ordered to submit supplemental briefing as described below:

- Petitioner is ORDERED to submit a supplemental brief (limit 25 pages) by **June 11, 2026.** In the supplemental brief, Petitioner is required to address the problems identified in this order. Petitioner should provide information about the circumstances surrounding Petitioner's arrest, the reasons he is detained, what occurred at the bond hearing, and any other pertinent information to support his due process and statutory claims. Petitioner should also cite statutory and case law in support of his

14

arguments. The Court **will not** craft Petitioner's arguments or do his legal research for him. Failure to satisfactorily support the claims with fact and law will result in dismissal of the Petition.

- Respondents are ORDERED to submit a response to Petitioner's supplemental brief (limit 25 pages) by **June 18, 2026.** Respondents should specifically address the merits of Petitioner's arguments, as well as any other collateral arguments (such as exhaustion) that Respondents believe are relevant to the disposition of this Petition. However, Respondents are notified that the mootness argument is meritless and should not be discussed again.

- To the extent the parties have relevant evidence that may be attached as exhibits to their supplemental briefs, such as immigration documents, transcripts, or the like, they are encouraged to provide them.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the parties are required to file supplemental briefing as explained in detail herein. Petitioner's supplemental brief is due on **June 11, 2026.** Respondents' supplemental brief in response is due on **June 18, 2026.**

**SO ORDERED.**

15

Dated:  June 4, 2026                                    /s/Gershwin A. Drain
                                                       GERSHWIN A. DRAIN
                                                       United States District Judge